```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BECKLEY
```

**UNITED STATES OF AMERICA**

                                        **CRIMINAL NO. 5:04-00234**

**LEON SMITH**

## MEMORANDUM OPINION AND ORDER
## ON SECOND MOTION TO RECONSIDER

Pending before the court is the defendant's second motion to reconsider defendant's motion to compel or, alternatively, to exclude expert testimony (Doc. No. 48).  Defendant's motion questions the propriety and fairness of the court's order of March 21, 2005 (Doc. No. 47).  In that order, rather than ordering an agent of the Government to accompany the drug evidence in this matter to the laboratory in Pittsburgh, Pennsylvania, suggested by defendant in order to fulfill the defendant's request for a second analysis of the evidence, the court ordered the Government to send the drug evidence to the Drug Enforcement Administration laboratory in Washington, D.C., for a second round of testing.  Defendant's second motion to reconsider was filed after the evidence had been sent to the laboratory in Washington, D.C.  Since the filing of the motion, the court has been informed that the results of the second

analysis of the drug evidence confirm the accuracy of the first analysis.

Defendant argues in his motion that any burden placed on the Government in complying with his requested relief would be comparatively insignificant, and that, regardless of the burden to the Government, the court should grant the requested relief because some courts have held that there is no reasonableness component under Rule 16 of the Federal Rules of Criminal Procedure. (See Second Motion to Reconsider, Doc. No. 48, at 3-4.)  As the defendant admits, however, the cases he cites involved defendants who wished to have only a sample of drug evidence for testing, rather than all of the drug evidence in the possession of the Government.

Furthermore, the defendant fails to acknowledge the contrary cases that do recognize a reasonableness component under Rule 16. In United States v. Pollack, 402 F. Supp. 1310 (D. Mass. 1975), for example, the defendant requested that independent analysis of the drug evidence be performed by a chemist not registered with the Drug Enforcement Administration.  In ruling on the Government's objection thereto, the court observed that "[c]ourts have in the past allowed both inspection and independent analysis of suspected narcotics upon a showing that the proposed discovery was reasonable and might be material to the defendant's case." Id. at 1312.  This standard of materiality and reasonableness has

-2-

also been employed in the Fourth Circuit.  See, e.g., United States v. Bowen, 421 F.2d 193, 196 (4th Cir. 1970).  Furthermore, the Pollack court found it significant that the defendant's request would not be "administratively onerous" for the Government.  Pollack, 402 F. Supp. at 1312.

The court is unpersuaded that it should depart from the above standard.  Because defendant's requested discovery would, in the court's opinion, be unreasonable, and because it does not appear likely that further analysis of the narcotic evidence would be material to defendant's case, the second motion to reconsider is **DENIED**.

The Clerk is directed to mail copies of this written opinion and order to all counsel of record, the Probation Office of this court, and the United States Marshal for the Southern District of West Virginia.

It is **SO ORDERED** this 20th day of April, 2005.

                    ENTER:

                    David A. Faber
                    Chief Judge